Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7865 | **DATE** | 3/5/2003 |
| **CASE TITLE** | Ruby Reed etc. Vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Cypress's motion to dismiss count VI of the complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 MAR -5 PM 2:09 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBY REED, Special Administrator of the )
Estate of J. C. REED, Deceased, )
)
                  Plaintiff, )
)
    vs. )    No. 01 C 7865
)
CITY OF CHICAGO, a municipal corporation, )
TIMOTHY GOULD, BRUCE YOUNG, BRIAN )
PEMBERTON, SUSAN MADISON, )
EDWARDS MEDICAL SUPPLY, INC., )
CYPRESS MEDICAL PRODUCTS, LTD., )
CYPRESS MEDICAL PRODUCTS, INC. and )
MEDLINE INDUSTRIES, INC., )
)
                  Defendants. )

DOCKETED
MAR 0 6 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Ruby Reed brought this action against defendants City of Chicago (City), police officers Timothy Gould, Bruce Young, Brian Pemberton, and Susan Madison (officers), and Edwards Medical Supply, Inc. (Edwards), Cypress Medical Products, Ltd. and Cypress Medical Products, Inc. (together, Cypress), and Medline Industries (Medline) arising from her son's death in a Chicago jail cell. Defendant Cypress filed a motion to dismiss count VI of the complaint – breach of warranty – pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Cypress' motion is denied.

## BACKGROUND

Plaintiff Ruby Reed filed this suit as the special administrator of her son J.C. Reed's estate. On November 12, 2000, J.C. Reed (Reed) was allegedly arrested and brought to the City's Fifth District Police Station, where he was placed in a detention cell controlled and



managed by the officers. The officers allegedly knew that Reed was mentally unstable, had witnessed him attempting suicide by slitting his wrists, and failed to adequately monitor the cell. The officers removed his clothing and provided him with a paper isolation gown. Plaintiff claims that Reed used this gown to hang himself, and that officers found him in the cell and failed to give him proper medical care, resulting in his death.

Plaintiff further alleges that the gown was manufactured and designed by defendants Edwards, Cypress and Medline, and that these defendants breached implied and express warranties when the gown failed to tear away when used by Reed in an attempt to hang himself.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

The single issue we must decide is whether plaintiff, as a non-purchaser, can recover from the manufacturer and designer of the gown for breach of warranty. Historically, Illinois law has required plaintiffs suing for breach of warranty to establish both horizontal and

vertical privity.[1] Section 2-318 of the Uniform Commercial Code (UCC), as adopted by the Illinois legislature, contains mandatory exceptions to the general requirement of privity:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

810 ILCS § 5/2-318.

The Illinois Supreme Court has determined that the privity is no longer an absolute requirement for breach of warranty actions. Berry v. G.D. Searle & Co., 56 Ill.2d 548, 309 N.E.2d 550 (Ill. 1974) (stating "privity is of no consequence when a buyer who purportedly has sustained personal injuries predicates recovery against a remote manufacturer for breach of an implied warranty under the code"); *see also* Suvada v. White Motor Co., 32 Ill. 2d 612, 210 N.E.2d 182 (Ill. 1965), *reversed on other grounds* (holding, prior to the enactment of the UCC in Illinois, that the privity requirement should be abolished in food and drug cases). While section 2-318 lists specific exceptions to the privity requirement, Illinois courts have noted that this list is not necessarily exhaustive. *See* Wheeler v. Sunbelt Tool Co., Inc., 181 Ill. App. 3d 1088, 1099, 537 N.E.2d 1332, 1340, 130 Ill. Dec. 863, 871 (Ill. App. 4th Dist. 1989); *see also* UCC § 2-318, comment 3 (stating that "the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.").

The vast majority of cases examining the limits of section 2-318 in Illinois have dealt

---

[1] Lack of vertical privity occurs when a consumer seeks to sue a remote manufacturer who was not involved in the sale to the consumer. Lack of horizontal privity occurs when a user of the product, beside the consumer, is injured. *See* Thomas v. Bombardier-Rotax Motorenfabrik, 869 F. Supp. 551, 557 n.7 (N.D. Ill. 1994).

with the employment context, expanding the class of potential breach of warranty plaintiffs to employees of the ultimate purchaser. *See* Wheeler; Thomas v. Bombardier-Rotax Motorenfabrik, 869 F. Supp 551 (N.D. Ill. 1994); Whitaker v. Lian Feng Mach. Co., 156 Ill. App. 3d 316, 509 N.E.2d 591, 108 Ill. Dec. 895 (Ill. App. 1st Dist. 1987); Maldonado v. Creative Woodworking Concepts, Inc., 296 Ill. App. 3d 935, 694 N.E.2d 1021, 230 Ill. Dec. 743 (Ill. App. 3rd Dist. 1998). In these cases courts have allowed employees to sue for breach of warranty despite a lack of horizontal privity.[2]

In Whitaker, plaintiff was injured while using a bandsaw that had been purchased by his employer. 509 N.E.2d at 592. The court determined that section 2-318 does not state any limitation on the rights of persons to recover for breach of warranty, nor does it differentiate between horizontal and vertical privity (*id.* at 593-94). It reasoned that the purpose of warranties is to determine what the seller has agreed to sell (*id.* at 594), *quoting* UCC § 2-313, comment 4. The employee was essentially a third party beneficiary to the sale in that the employee's safety while using the bandsaw was "either explicitly or implicitly part of the basis of the bargain when the employer purchased the goods" (*id.* at 595).

In cases examining the limits of section 2-318 in other contexts, courts have been reluctant to find additional exceptions to the privity requirement. *See* Frank v. Edward Hines Lumber Co., 327 Ill. App. 3d, 113, 761 N.E.2d 1257, 260 Ill. Dec. 701 (Ill. App. 1st Dist. 2001); Lukwinski v. Stone Container Corp., 312 Ill. App. 3d 385, 726 N.E.2d 665, 244 Ill. Dec. 690 (Ill.

---

[2] We note that the cases expanding the potential plaintiff class deal with personal injury. The Illinois Supreme Court has declined to extend Berry and abolish the privity requirement in cases involving solely economic losses. Szajna v. General Motors Corp., 115 Ill. 2d 294, 311, 503 N.E.2d 760, 767, 104 Ill. Dec. 898, 905 (Ill. 1986). The Illinois Supreme Court later made clear that the privity requirement was not abolished in *all* cases where plaintiff alleges physical harm as a result of breach of warranty. Board of Educ. of City of Chicago v. A, C and S, Inc., 131 Ill. 2d 428, 461-62, 546 N.E.2d 580, 595-96, 137 Ill. Dec. 635, 650-51 (Ill. 1989).

App. 1st Dist. 2000); Hemphill v. Sayers, 552 F. Supp 685 (S.D. Ill. 1982). In Hemphill, the court refused to allow a breach of warranty claim by a university football player against the manufacturer of his helmet. 552 F. Supp. at 690-93. The court determined that while courts may expand the class of vertical non-privity plaintiffs, the class of horizontal non-privity plaintiffs is expressly limited by the language of section 2-318 to a "natural person who is in the family or household of his buyer or who is a guest in his home." Id. at 690-91. Hemphill was, however, decided prior to Whitaker and the subsequent decisions expanding the plaintiff class to include employees of the ultimate purchaser. The court in Hemphill believed that Illinois law did not allow courts to expand warranty coverage to exceed the "express limitations" of section 2-318 (id. at 691). We have seen in Whitaker and subsequent decisions that, while not allowing any user lacking horizontal privity to sue, Illinois courts have recognized that the exceptions to horizontal privity are not absolutely limited by the language of the UCC. See, e.g., Whitaker, 509 N.E.2d at 593.

Lukwinski and Frank, while refusing to allow plaintiffs to sue for breach of warranty, encourage us to expand warranty protection in this situation. In both cases the courts recognize that, following Whitaker, the scope of section 2-318 may be properly expanded where the circumstances warrant. Lukwinski, 726 N.E.2d at 672; Frank, 761 N.E.2d at 1267. In both cases the courts refused to expand the scope of the UCC because the warranties could be adequately enforced without expanding the plaintiff class. Lukwinski, 726 N.E.2d at 672. The court in Lukwinski recognized the validity of expansion when required:"If coverage was not provided to employees of a corporate buyer, any warranties of the seller would be ineffective and extend to no person since it is impossible for a corporation to be the

beneficiary." *Id.*

While no Illinois courts have expanded the plaintiff class for breach of warranty actions beyond employees, we believe that the law requires us to do so here. The beneficiary of any warranty made by the manufacturer and designer of the gown is necessarily a potentially suicidal detainee like Reed. If protection is not provided to plaintiffs like Reed, any warranty as to the safety of the gown would have little, if any, effect. In designing and manufacturing the gown, defendants contemplated that the users of the gown would be detainees. Moreover, the safety of these detainees was necessarily a part of the bargain, whether explicitly or implicitly, between the seller and buyer. For these reasons, a detainee of the City like Reed must be able to enforce the protections of any warranties made by the manufacturer and designer of the gown.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss count VI of the complaint is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 5, 2003.