

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7865 | **DATE** | 4/1/2003 |
| **CASE TITLE** | Ruby Reed etc. Vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant the Rule 56(f) motion and leave until the next status, May 28, 2003, the issue of what additional discovery is then appropriate (after discovery in the interim), and how long it should take.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 02 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 APR -1 PM 4:03 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RUBY REED, Special Administrator of the )
Estate of J. C. REED, Deceased, )
)
          Plaintiff, )
)
   vs. )   No. 01 C 7865
)
CITY OF CHICAGO, a municipal corporation, )
TIMOTHY GOULD, BRUCE YOUNG, BRIAN )
PEMBERTON, SUSAN MADISON, )
EDWARDS MEDICAL SUPPLY, INC., )
CYPRESS MEDICAL PRODUCTS, LTD., )
CYPRESS MEDICAL PRODUCTS, INC. and )
MEDLINE INDUSTRIES, INC., )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

J. C. Reed hanged himself with a yellow isolation gown on November 12, 2000, while in a police lockup. Determining who manufactured and who sold that gown to the City has indeed proved to be elusive. One of the defendants, Medline Industries, Inc. (Medline), is one of the possible sellers. Its gown manufacturer, Thai Hospital Products, Ltd., has also been named as a defendant but, at last report, that company has not yet appeared.

Medline now moves for summary judgment. Plaintiff seeks, by a Federal Rule of Civil Procedure 56(f) motion, for time to respond, during which it can pursue discovery. Medline has no objection to some discovery, although it believes any such discovery should be limited to discovery relating to it and should be completed within 60 days. It does not want to become involved in discovery relating to other defendants.

We grant the Rule 56(f) motion and leave until the next status, May 28, 2003, the issue

of what additional discovery is then appropriate (after discovery in the interim), and how long it should take. We are mindful of Medline's concerns about becoming involved in wide-ranging discovery before the question of who manufactured and who sold the gown has been determined. We think, though, that even though that question has priority, plaintiff should be able to pursue it by discovery from Medline, its Thai manufacturer, and other possible sellers and manufacturers. Since plaintiff is obviously interested in coming up with a correct answer, we are not at all sure Medline has a compelling interest in being involved in discovery relating to other possible candidates. If any is a possibility, plaintiff has demonstrated a willingness to pursue it. It may be that the disclosure of a sample of the gown sold by Medline – either by Medline or the Thai manufacturer – will permit a conclusive comparison, but that we leave to another day.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 1, 2003.