
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7865 | **DATE** | 5/3/2004 |
| **CASE TITLE** | RUBY REED vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendants joint motion for summary judgment is, for now, denied. Status hearing is set for 6/9/03 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | 2004 MAY -3 PM 4:32 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RUBY REED, Special Administrator of the )
Estate of J. C. REED, Deceased. )
)
        Plaintiff, )
)
    vs. ) No. 01 C 7865
)
CITY OF CHICAGO, a municipal corporation, )
et al., )
)
        Defendants. )

DOCKETED
MAY 4 2004

## MEMORANDUM OPINION AND ORDER

J. C. Reed committed suicide in a City of Chicago police lockup on November 12, 2000, by hanging himself with an isolation gown. Since the filing of this action considerable effort has gone into determining who manufactured and who distributed the gown. Plaintiff contends that Cypress Medical Products, Ltd., or Cypress Medical Products, Inc. (Cypress), may have manufactured the gowns and Edwards Medical Supply, Inc. (Edwards) was the Cypress distributor. She has named them as defendants.

Those defendants have now moved for summary judgment. The time frame indicates that they could have been involved. Cypress gowns were distributed to the City beginning May 13, 2000. Prior to that date, however, the City relied upon other suppliers. The moving defendants claim the implicated gown must have come from one of the earlier supplies; it has a tag indicating it was manufactured in Thailand and their gowns were manufactured only in China or Taiwan and had no tags.

Plaintiff does not dispute that the implicated gown has the Thailand tag. She relies, rather, upon an interrogatory answer of the City, which states that the implicated gown was

manufactured by Cypress and distributed by Edwards. The answers, however, are not under oath, although they should have been. They are signed by an assistant corporation counsel, who we can assume has no personal knowledge about the source of the gown. Apparently the information was provided by Daniel McKernan -- another answer so indicates. And if that is not so, counsel can and should so advise plaintiff's counsel. We think the best way to clear this up is to take a short deposition of the person who provided the information in the interrogatory answer as to the basis for it. While plaintiff may well be pursuing a vain hope, we think she is entitled to clarification. The motion for summary judgment is, for now, denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 3, 2004.