IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBY REED, Special Administrator of )
the Estate of J.C. REED, Deceased, )
                           )
         Plaintiff, )
                           )
     vs.                  )     No. 01 C 7865
                           )
CITY OF CHICAGO, et al., )
                           )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ruby Reed brought this action against defendants for claims arising out of the suicide of her son, J.C. Reed ("Reed") during his detention in a City of Chicago police district lockup. Defendant Medline Industries, Inc. ("Medline") previously moved to dismiss all counts, including negligence, breach of warranty and strict products liability, against it. On a well-developed record, we granted that motion. Plaintiff now moves to reconsider. For the following reasons, we deny the motion to reconsider.

As plaintiff correctly notes, we view all evidence, including inferences reasonably drawn therefrom, in favor of the non-moving party. First Bank & Trust v. Firstar Information Services, Corp., 276 F.3d 317, 322 (7th Cir.2001). Our function is "not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" Id., at 321-22. In light of this standard, we summarize the relevant facts.[1] Upon arrest in connection with a domestic disturbance, Reed informed the detention facility officers that he was suicidal. The officers placed Reed on suicide watch, removed his clothing, and placed him in a yellow isolation gown,

---

[1] For a full background, see Reed v. City of Chicago, 2006 WL 3147698 (N.D.Ill.2006).

manufactured by Medline.[2]  Thereafter, Reed used the gown to hang himself.

In our order granting Medline's second motion for summary judgment, we found that as a matter of law Medline could not foresee the use of its gowns as suicide prevention devices. Such a finding foreclosed all of plaintiff's claims against Medline.  Plaintiff's motion for reconsideration suggests that we failed to fully consider the import of plaintiff's evidence, and that such evidence is sufficient to create a triable question of material fact.  Specifically, plaintiff indicates that her submitted evidence suggests that the Chicago Police Department had a local policy or custom of using defendant's gowns for suicide prevention.  Such a custom, plaintiff argues, is sufficient to create a question of foreseeability for a jury.  Further, plaintiff argues that defendant's misuse argument is only an affirmative defense, rather than a bar to liability, and defendant's failure to provide warnings or labels defeats the foreseeability argument.

Generally, motions to reconsider are only appropriate to correct manifest errors of law or to present newly discovered evidence. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000); United Mun. Leasing Corp. v. Lexington Corporate Properties, Inc., 1997 WL 587753, *2 (N.D.Ill.1997).  Because such motions are valuable only where the court misunderstands a party, makes a decision outside of the adversarial issues presented by the parties, or makes an error of apprehension, they should be rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990). Plaintiff correctly notes that where, as here, a final order has not been entered, decisions may be revised for any reason

---

[2]Medline previously filed an unsuccessful motion for summary judgment on the theory that plaintiff could not prove that the gown was indeed manufactured by Medline.  We denied that motion, finding that we could not make such a determination as a matter of law.  Therefore, due to the standard set forth for summary judgement motions, we assume that Medline was the manufacturer of the gown for purposes of this opinion.

pursuant to Federal Rule of Civil Procedure 54(b).[3] Even so, such motions serve the same functions – to correct manifest errors or present newly discovered evidence – and are not an appropriate forum for rehashing previously rejected arguments. Omi's Custard Co. v. Relish This, LLC, 2006 WL 2460573, *2 (S.D.Ill.2006); Zurich Capital Markets Inc. v. Coglianese, 383 F.Supp.2d 1041, 1045 (N.D.Ill.2005).

Plaintiff has introduced no new evidence. Rather, her arguments center on errors made by this court with respect to our weighing of the evidence submitted and our reading of case law. We look now to determine if we made manifest errors of law or fact in granting summary judgment to Medline.

In our previous opinion we granted Medline's motion for summary judgment based on a product misuse theory. In other words, because the Chicago Police Department (and thus Reed) used defendant's gown in neither an intended nor foreseeable manner, defendant was not liable for damages. In our analysis we found that because it was unforeseeable, as a matter of law, that Reed would use the subject gown as a suicide prevention device, plaintiff failed to submit any evidence that the product was defective. Plaintiff once again points to Welge v. Planters Lifesavers Co., 17 F.3d 209 (7th Cir.1994), to argue that product misuse is not a total bar to recovery, but rather a limitation of damages. In Welge, plaintiff was injured when a glass peanut jar shattered when plaintiff applied a normal amount of force in snapping the jar's lid back in place. Defendant offered evidence that plaintiff's landlord, after buying the

---

[3]The Rule reads: "When more than one claim for relief is presented in an action...or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

jar of peanuts, used an Exacto knife to remove the jar's bar code in order to participate in a rebate program. The Seventh Circuit stated that under Illinois law product misuse is a limited and partial defense – and not a total bar to recovery – in a products liability suit. *Id.*, at 211. As we read Welge, the discussion of misuse centers on cause, not defect, and therefore is distinguishable from our analysis.[4] For a products liability claim in Illinois, the plaintiff must show that the injury resulted from a condition of the product, that the condition was unreasonably dangerous, and that the condition existed at the time the product left the manufacturer's control. Sparacino v. Andover Controls Corp., 592 N.E.2d 431, 434 (Ill.App.Ct.1992). As we previously noted, "[a] product is unreasonably dangerous where it fails to perform in the manner reasonably expected in light of its nature and intended function." *Id.* Our "product misuse" analysis goes to the product's defect, not the proximate cause of the injury. Thus, unless plaintiff submits sufficient evidence to present a question of fact as to the foreseeable use of defendant's gown as a suicide prevention device, recovery is barred for failure to present evidence of a defect.

After a searching look at the record, we previously determined that no reasonable jury could determine that it was reasonably foreseeable that Medline's gowns would be used as suicide prevention devices. We came to such a conclusion with the understanding that Illinois courts may look to evidence of local custom to determine if a use, even if abnormal, may

---

[4]Over the last 30 years, the Illinois legislature and courts have shifted their cause analysis. In 1979, Lancaster v. Jeffrey Galion, Inc., 396 N.E.2d 648, 652 (Ill.App.Ct.1979) catalogued the well-settled rule in Illinois that "'misuse' of a product may bar recovery in an action for strict liability in tort." Then, in 1983, the Illinois Supreme Court adopted a comparative fault regime for strict liability cases, finding that the defenses of misuse and assumption of risk no longer barred recovery. Coney v. J.L.G. Industries, Inc., 454 N.E.2d 197 (Ill.1983). Finally, with the adoption of 735 ILCS 5/2-1116 in 1986, later held unconstitutional as not severable, the Illinois legislature determined that a plaintiff's misuse to the extent of more than 50% will absolutely bar strict liability. While an interesting history, it is one of comparative fault related to proximate cause. It is not relevant to determination of whether a product was defective for its intended or reasonably foreseeable use.

reasonably be anticipated. *See* <u>Palmer v. Avco Distributing Corp.</u>, 412 N.E.2d 959 (Ill.1980); <u>Kerns v. Engelke</u>, 390 N.E.2d 859 (Ill.1979). We determined, however, that plaintiff had failed to submit sufficient evidence of custom or foreseeability to create a question of fact for the jury.

Instead of pointing us to additional evidence or additional case law, plaintiff submits that we "missed the import of some of the evidence in the record" (plf's motion, at 1). Plaintiff's motion reads like an opposition brief to our original order. She asserts that she has provided sufficient evidence to create a triable issue of fact with regard to foreseeability. Specifically, plaintiff contends that the Reports of Extraordinary or Unusual Occurrences (REUOs), indicating that paper suits were given to suicidal arrestees, or recommended in the wake of a suicide attempt, together with two Chicago Police Department orders indicating that arrestees should be provided with clothing not potentially harmful to a person's well being, are sufficient to show evidence of a local custom of using the subject gowns for the purpose of suicide prevention. Therefore, plaintiff contends that such use was reasonably foreseeable to defendant.[5]

We disagree for the same reasons stated in our order of October 31, 2006. "Here, plaintiff has failed to submit (1) expert evidence of custom or general practice; (2) corroborating evidence of custom or practice; or (3) Medline's actual knowledge of the use of its isolation gown as a suicide prevention device. As the gown was used outside of its intended

---

[5]Plaintiff also cites to <u>Kuwiz v. Lake Engineering Co.</u>, 586 F.2d 33 (7th Cir.1978), to argue that "product sellers have a duty to make proper inquiries and to anticipate potential hazards before deaths or injuries occur" (plf's motion at 3). <u>Kuwiz</u> addressed the question of whether conflicting expert evidence created a triable issue of foreseeability in a strict liability case – an issue irrelevant to the case at hand. Nowhere does <u>Kuwiz</u> indicate that a manufacturer has a duty to make inquiries of the use of the product. Rather, the Seventh Circuit stated that "[w]here a particular use should be known to the reasonably prudent manufacturer such use cannot be labelled [sic] unforeseeable." 586 F.2d at 35.

manner, without evidence of custom or practice, we cannot find that Reed's injury was foreseeable."[6] Plaintiff argues that the evidence submitted, specifically the REUOs and internal CPD orders, are sufficient evidence of a custom or policy. We disagree for the same reasons previously stated: (1) the REUOs provide conflicting evidence of any "policy" regarding the paper suits; (2) the testimony of CPD officers directly contradicts the concept of such a "policy";[7] and (3) all documents submitted are internal CPD documents. Such precludes a finding of foreseeability. And, because a duty to warn is only imposed if it was objectively reasonable to expect the user of the product to be injured in the manner in which Reed was injured (Hoffman v. Hercules Chemical Co., Inc., 2004 WL 2496501, *7 (N.D.Ill.2004); Schultz v. Hennessy Industries, Inc., 584 N.E.2d 235, 242 (Ill.App.Ct.1991)), a lack of foreseeability also defeats plaintiff's failure-to-warn argument.

Finally, plaintiff asserts that at the very least she should be granted leave to proceed with CPD depositions, and the ruling should be vacated until such depositions are complete (plf's motion, at 14). This case was filed more than five years ago, naming the City of Chicago as an original defendant. Fact discovery, originally set to close more than two years ago, was extended to February 2005, and then followed by further extension requests. Plaintiff has had ample time to depose the key players, and has not been able to elicit any information stating that CPD employs a custom of using the subject gowns as suicide prevention devices. Therefore, we deny the request for additional time.

---

[6]In a footnote, plaintiff states that the report of her expert, Peter Frumkin, should not have been stricken. She fails to provide any argument to bolster that argument and, therefore, we will not address it.

[7]Plaintiff argues that the City of Chicago is simply protecting itself from liability. That is simply speculation.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for reconsideration is denied.


James B. Moran

**JAMES B. MORAN**
**Senior Judge, U. S. District Court**

Dec. 5 , 2006.